UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS P. KOOLEN.                )
Plaintiff,                       )
                                 )
          v.                     )          C.A. No. 12-951-M
                                 )
MORTGAGE ELECTRONIC              )
REGISTRATION SYSTEMS, INC., et al.,  )
          Defendants.            )
                                 )

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Court Judge.

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), American Brokers Conduit ("Conduit"), American Home Mortgage Services, Inc. ("AHMSI"), and Beltway Capital Management, LLC ("Beltway") petition this Court on a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants argue that Plaintiff Thomas Koolen's claim for Declaratory Judgment and Injunctive Relief is barred by the doctrine of res judicata because the same claim was adjudicated in Rhode Island District Court and judgment was rendered in favor of the Defendants. (ECF No. 8-1.) Mr. Koolen counters that Defendants' Motion for Summary Judgment should be denied because the test for res judicata is not satisfied. (ECF No. 9.) Upon consideration of the papers, this Court GRANTS Defendants' Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

### A. The Note and Mortgage

On October 6, 2006, Plaintiff Thomas Koolen procured an adjustable rate note (the "Note") from Conduit for the principal amount of $315,000.00 to purchase 1-4 Libby Lane

Warren, Rhode Island (the "Property"). (ECF No. 8-2 at 2.) To secure the Note, Mr. Koolen granted a mortgage (the "Mortgage") on the Property to MERS, which acted as nominee for Conduit. *Id.* The Mortgage is recorded in Land Evidence Records for the Town of Warren, Rhode Island in Book 644, Page 322. *Id.*

On May 28, 2008, the mortgagee, MERS, assigned the Mortgage to Defendant American Home Mortgage Services Inc. ("AHMSI") and granted all right, title, and interest in the Mortgage and the Note to AHMSI. *Id.* This assignment was recorded in the Land Evidence Records for the Town of Warren in Book 704, Page 42. *Id.*

On March 25, 2009 (but effective July 29, 2008), AHMSI assigned the Mortgage and all right, title, and interest to Defendant Beltway Capital Management, LLC ("Beltway"). (ECF No. 9-3. at 2.) A second assignment from AHMSI to Beltway took place on October 5, 2009 and was recorded in the Land Evidence Records of the Town of Warren at Book 738, Page 293. *Id.* at 3.

This Court notes that Mr. Koolen's last payment on the Note was made on June 30, 2008. (ECF No. 8-2 at 3.)

### B. *Koolen I*

On or around December 28, 2009, Mr. Koolen commenced a *pro se* action in Rhode Island Superior Court seeking Injunctive Relief and Declaratory Judgment regarding the foreclosure on the Property ("*Koolen I*"). Beltway removed Mr. Koolen's complaint to Rhode Island District Court. (ECF No. 8-2 at 4.) Both parties conducted discovery and MERS and Beltway moved for summary judgment. *Id.* Also, AHMSI filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (*Koolen v. Beltway Capital Mgmt., LLC.*, No. 10-050S, 2011 WL 561131, at *1 (D.R.I. Jan. 3, 2011)).

The District Court adopted the Report and Recommendation issued by Magistrate Judge Lincoln Almond and granted both the motions for summary judgment and the motion to dismiss on February 7, 2011. *Id.*

On June 18, 2012, a foreclosure sale was held. The highest bidder subsequently abandoned his pursuit of the Property. *Id.* at 6. Beltway, as the second highest bidder, took a foreclosure deed, which was executed on November 13, 2012. *Id.*

Mr. Koolen filed the extant complaint on December 31, 2012. (ECF No. 1.)

## II.   STANDARD OF REVIEW

When considering a motion for summary judgment, this Court construes "'the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in that party's favor.'" *Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 27 (1st Cir. 2011) (quoting *Carroll v. Xerox Corp.,* 294 F.3d 231, 237 (1st Cir.2002)). However, this Court will not contemplate "'conclusory allegations, improbable inferences, and unsupported speculation.'" *Id.* (quoting *Carroll*, 294 F.3d at 237). According to Rule 56(a) of the Federal Rules for Civil Procedure, this Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## III.   RES JUDICATA

Res judicata is an affirmative defense and a question of law.[1] *See* Fed. R. Civ. Pro 8(c); *see also R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006). When

---

[1] Even without a motion, "'a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'" *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (quoting *Bezanson v. Bayside Enterps., Inc.,* 922 F.2d 895, 904 (1st Cir.1990)).

considering a motion for summary judgment on grounds of res judicata, "the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences" on behalf of the nonmovant. *R.G. Fin. Corp.*, 446 F.3d at 182. "The doctrine of res judicata promotes the goals of fairness and efficiency by preventing vexatious or repetitive litigation." *Caballero-Rivera, v. Chase Manhattan Bank, N.A.*, 276 F.3d 85, 86 (1st Cir. 2002) (citing *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)). "Because the judgment in the first action was rendered by a federal court, the preclusive effect of that judgment in the instant diversity action is governed by federal res judicata principles." *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31, 33-34 (1st Cir. 1996)

This Court reviews the affirmative defense of res judicata according to a three-prong test. *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994). The elements necessary to satisfy the test are: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Id.* Where all three elements are satisfied, the parties will be barred from adjudicating the new complaint. *See In re Iannochino*, 242 F.3d 36, 43, 49 (1st Cir. 2001).

### A. Final Judgment on the Merits

Under the first prong of the analysis for res judicata, the former claim must have received a final judgment on the merits and that final judgment will "preclud[e] the parties or their privies from relitigating issues that were or could have been raised in that action." *Gonzalez*, 27 F.3d at 755 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[S]ummary judgment constitutes a final judgment on the merits for purposes of applying res judicata." *Caballero-Rivera*, 276 F.3d at 87 (quoting *Dowd v. Soc'y of St. Columbans*, 861 F.2d 761, 764

(1st Cir.1988) (noting that "[s]ummary judgment constitutes a final judgment on the merits for purposes of applying res judicata")).

In *Koolen I*, the Rhode Island District Court entered summary judgment in favor of Defendants MERS and Beltway. (ECF No. 8-13 at 15.)   This judgment serves as a final judgment for the purposes of res judicata and satisfies the first prong of the analysis for MERS and Beltway.

Furthermore, a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted is also considered a final judgment on the merits. *See Andrews-Clarke v. Lucent Technologies, Inc.*, 157 F. Supp. 2d 93, 99 (D. Mass. 2001).   "'The law... is clear that the dismissal for failure to state a claim does constitute a final judgment for res judicata purposes. Thus,

> A dismissal for failure to state a claim is a judgment on the merits, unlike dismissals for lack of subject matter or personal jurisdiction, improper venue, or failure to join the proper parties under Rule 19. This type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect.'"

*Id.* (quoting 2 James Wm. Moore, *Moore's Federal Practice,* ¶ 12.34[6][a] (3d ed. 1997)); *see also Isaac v. Schwartz,* 706 F.2d 15, 17 (1st Cir. 1983).

In *Koolen I*, the Rhode Island District Court dismissed Mr. Koolen's complaint against Defendant AHMSI in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. For res judicata purposes, the judgment of the district court serves as a final judgment on the merits.[2]

---

[2] The United States Court of Appeals for the First Circuit affirmed the District's Court ruling in *Koolen I*.   (C.A. 1:10-cv-00050-S-LDA, ECF No. 65.)

Additionally, in *Koolen I*, the District Court dismissed Conduit from the case citing failure to effectuate service pursuant to Fed. R. Civ. P. 4(m).  (C.A. 1:10-cv-00050-S-LDA, ECF No. 8-13.)

### B. Identicality of the Claims

Under prong two of the analysis for res judicata, the claims asserted in the original and subsequent suits must be sufficiently identical.  *Gonzalez*, 27 F.3d at 755.  To determine if the earlier and later claims were sufficiently identical, the First Circuit in *Manego v. Orleans Bd. of Trades* adopted the "transactional" test for res judicata.  773 F.2d 1, 5 (1st Cir. 1985).  The transactional test dictates that claims are identical so "'as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint.'"  *Haag v. United States,* 589 F.3d 43, 46 (1st Cir. 2009) (quoting *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1166 (1st Cir. 1991)).

Mr. Koolen's instant complaint arises out of the same circumstances and transaction that precipitated *Koolen I*.  In *Koolen I*, Mr. Koolen accused the Defendants, *inter alia*, of breach of contract, tortious interference, misrespresentation, and intentional infliction of emotional distress.  (ECF No. 26.)  These allegations arose out of the initial transaction when Mr. Koolen procured the Note from Conduit and Mr. Koolen granted to MERS, as nominee for Conduit, a mortgage on the Property.  Additionally, in *Koolen I*, Mr. Koolen alleged that there was fraud in the execution of the MERS's assignments, which is the precise theory Mr. Koolen proffers in the extant claim.  *Id.*  The same circumstances and transactions, around which the extant case now centers, are identical to those in *Koolen I*.

Although Mr. Koolen tries to frame the instant complaint as espousing a separate and distinct cause of action, "the mere fact that different legal theories are presented in each case

does not mean that the same transaction is not behind each." *Dowd*, 861 F.2d at 764 (citing *Manego*, 773 F.2d at 1).

### C. Identicality of the Parties

The parties in both suits must be sufficiently identical to satisfy the third prong of the res judicata analysis. *Gonzalez*, 27 F.3d at 755. This Court finds that the parties named in the first suit are sufficiently identical to the parties named in the extant claim. Mr. Koolen was the only plaintiff in *Koolen I*. Similarly, MERS, Conduit, AHMSI, and Beltway were all defendants in *Koolen I*. This Court is satisfied that the third prong of the test is fulfilled.

## IV.   CONCLUSION

Because there are no genuine issues of material fact in dispute and Defendants are entitled to judgment as a matter of law, Defendants' Motion for Summary Judgment is GRANTED on the grounds of res judicata.[3]


IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

June 28, 2013

---

[3] This Court notes that Defendants raised several grounds for dismissal of Mr. Koolen's Complaint; however, the additional arguments are not essential to this Court's analysis.